RAYMOND NARDO, Esq.
Attorney for Plaintiff
129 Third Street
Mineola, NY 11501
(516)248-2121


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
                                                    **VERIFIED**
                                                    **COMPLAINT**
JONATHAN DUNETZ,                            :       **AND**
                                                    **JURY DEMAND**
                              Plaintiff,    :
                                                    **05-9792**
              -against-                     :

JP MORGAN CHASE & CO.,                      :

                              Defendant.    :

---------------------------------------X


### JURISDICTION AND VENUE

        1.   This action arises under Title VII of the Civil
Rights Act of 1964, This Court has jurisdiction under 28 U.S.C.
Sec. 1331, 28 U.S.C. Section 1343(4).

        2.   Venue is proper in the Southern District of New
York according to 28 U.S.C. 1391 because the defendant
corporation conducts business there and the events occurred
there.

### THE PARTIES

        3.   Plaintiff is of Jewish religion and national origin
formerly worked for defendant.

        4.   At all relevant times herein, plaintiff resided in
the State of New York, County of Queens.

        5.   Defendant JP Morgan Chase & Co. is a corporation
duly licensed to conduct business in the State of New York and
located within the Southern District of New York, with its
principal place of business located at 270 Park Avenue, New York,
New York 10017.

        6.   Defendant JP Morgan Chase & Co. employs 15 or more
employees, engages in interstate commerce, and is an "employer"
under Title VII.

LAW OFFICE OF
RAYMOND NARDO

7.   Defendant JP Morgan Chase & Co.  employs 501 or more employees.

## ADMINISTRATIVE INFORMATION

8.   Plaintiff filed a charge of discrimination before the EEOC on or about April 27, 2005.

9.   The EEOC issued a Notice of Right to Sue letter on August 22, 2005.

10.   Plaintiff received a right to sue letter from the EEOC on August 23, 2005.

11.   Plaintiff commenced this action within 90 days of receipt of the right to sue letter.

## COUNT I.

12.   Plaintiff repeats realleges and reincorporates all prior allegations as though fully set forth herein.

13.   Plaintiff began working for defendant on August 11, 2003 as a Personal Banker at Branch 15 located in the United Nations.

14.   Plaintiff was interviewed and hired by Ms. Nabila Azer.  Ms. Azer is of Egyptian national origin and is a member of the Egyptian Coptic faith.

15.   At the interview, Ms. Azer did not know plaintiff's religion.  In or about September 2004, another employee informed Ms. Azer that plaintiff is Jewish.

16.   In or about September 2004, when Ms. Azer discovered plaintiff was Jewish, she approached him and asked him, "When I interviewed you for the job, you told me that you have an Iraqi uncle.  You knew that I was Egyptian; did you say that to impress me?  How is it possible for a Jew to have an Iraqi uncle?"  On many occasions thereafter, Ms. Azer asked plaintiff, "How is it possible for a Jew to have an Iraqi uncle?"

17.   Ms. Azer also stated on numerous occasions that she found it funny that plaintiff considered himself "American" when he is Jewish.

18. On December 22, 2004, defendant JP Morgan Chase & Co. held a Christmas Party.  At this party, plaintiff suggested that he and his coworkers should sing a Christmas carol.  Ms.

Azer responded by singing "Hava Nagila", a traditional Jewish song, in a condescending and sarcastic manner.

19.   Later at the party, another coworker told plaintiff "Happy Chanukah."  When Ms. Azer heard this she stated to plaintiff, "You think of me as a shicksa [a derogatory Yiddish term for a non-Jewish woman].  Jews dominate New York, they are such a high percentage of people in New York City.  The Zionists took over Palestine.  The Zionists want to take over Egypt all the way to the Nile River."

20. On December 8, 2004, Ms. Azer removed approximately 44 signature cards from plaintiff's desk.  It was customary for Personal Bankers at the UN Branch to keep signature cards on their desk for a short time.

21. Upon information and belief, the vast majority of the cards removed from plaintiff's desk were blank duplicates to be discarded.  In addition, some were recently obtained and/or were signed duplicates.

22. Plaintiff's retention of these signature cards for a short period of time was not a violation of Bank Policy and was a common practice among Personal Bankers at the UN Branch.

23.   Seven weeks later, on January 26, 2005, Ms. Azer terminated plaintiff, allegedly because of these signature cards.

24.   Said termination was pretextual.  Plaintiff's performance was satisfactory or better.  He consistently met his production expectations and his direct supervisor, Ms. Azer, conceded that his performance had exhibited a "nice improvement."

25. Plaintiff was subject to a hostile work environment on basis of his religion and national origin and defendant terminated him in violation of Title VII, which caused economic damages, emotional damage, anxiety, stress, pain and suffering.

26.   Defendant acted with malice and reckless disregard of plaintiff's statutory rights under Title VII.

### COUNT II.

27.   Plaintiff repeats realleges and reincorporates all prior allegations as though fully set forth herein.

28.   Defendant employs 4 or more employees and is an "employer" under the New York State Human Rights Law.

29.   This Court has supplemental jurisdiction under 28 U.S.C. Section 1367.

30. Plaintiff was subject to a hostile work environment and terminated on the basis of his religion and national origin in violation of the New York State Human Rights Law, which caused economic damages, emotional damage, anxiety, stress, pain and suffering.

### COUNT III.

31. Plaintiff repeats realleges and reincorporates all prior allegations as though fully set forth herein.

32. Defendant employs 4 or more employees and is an "employer" under the New York City Human Rights Law.

33. Plaintiff was subject to a hostile work environment and terminated on the basis of his religion and national origin in violation of the New York City Human Rights Law, which caused economic damages, emotional damage, anxiety, stress, pain and suffering.

### JURY DEMAND

34. The plaintiff demands trial by jury.

WHEREFORE, the plaintiff demands judgment against the defendant and prays:

(a) That this court award the plaintiff backpay, frontpay, lost health insurance, life insurance, pension, and deferred compensation benefits, retirement benefits, stock options, vacation, personal, sick and accrued leave, which amounts are to be determined at trial, as well as compensatory damages and punitive damages, and pre-judgment interest for defendants' willful unlawful discrimination against the plaintiff, on the basis of religion and national origin, in violation of Title VII;

(b) That this court award the plaintiff backpay, frontpay, lost health insurance, life insurance, pension, and deferred compensation benefits, retirement benefits, stock options, vacation, personal, sick and accrued leave, which amounts are to be determined at trial, as well as compensatory damages, and pre-judgment interest for defendants' willful unlawful discrimination against the plaintiff, on the basis of religion and national origin, in violation of the New York State Human Rights Law;

(c) That this court award the plaintiff backpay, frontpay, lost health insurance, life insurance, pension, and deferred compensation benefits, retirement benefits, stock options, vacation, personal, sick and accrued leave, which amounts are to be determined at trial, as well as compensatory damages and punitive damages, and pre-judgment interest for defendants'

LAW OFFICE OF
RAYMOND NARDO

-4-

willful unlawful discrimination against the plaintiff, on the basis of religion and national origin, in violation of New York City Human Rights Law;

(d) That this court award the plaintiff attorney's fees, disbursements, and costs pursuant to Title VII and 42 U.S.C. Section 1988;

(e) That this court award the plaintiff such other and further relief as may be just and equitable.

Dated:     Mineola, New York
           November 22, 2005

                                   Yours, etc.,


                                   _____
                                   Raymond Nardo, Esq. (4773)
                                   Attorney for
                                   Plaintiff
                                   129 Third Street
                                   Mineola, NY 11501
                                   (516)248-2121

LAW OFFICE OF
RAYMOND NARDO                            -5-